IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10362
_____


VERLIE LEE HENDERSON,

Plaintiff-Appellant,

versus

TRACY BILLINGSLEA ET AL.,

Defendants-Appellees.

* * * * * * * * * * * * *

VERLIE LEE HENDERSON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON ET AL.,

Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 7:95-CV-50-X
7:96-CV-30-X
- - - - - - - - - -
June 30, 1998
Before JOLLY, HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Verlie Lee Henderson, Texas inmate #199786, seeks to proceed in forma pauperis (IFP) in the appeal of the dismissal of his civil rights complaint. The district court certified pursuant to Fed. R. App. P. 24(a) that Henderson's appeal was not taken in good faith. Henderson's motion for IFP is treated as a challenge to the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, Appellees Mitchell and Woods argue that this court lacks jurisdiction to entertain Henderson's motion for IFP on appeal because Henderson did not file a timely notice of appeal from the district court's summary judgment for them. The summary judgment, however, was not a final order inasmuch as the suit against Mitchell and Woods had been consolidated with another suit in which Henderson's claims against those defendants remained. See Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc., 746 F.2d 278, 287-88 (5th Cir. 1984) (en banc); Bader v. Atlantic Intern., Ltd., 986 F.2d 912, 914 (5th Cir. 1993); Fed. R. Civ. P. 54(b).

Henderson argues that the district court erred when it dismissed his excessive-use-of-force claim against Officer Billingslea as frivolous. Because the questions posed by the district court to Henderson did not adduce why or in what manner Billingslea struck Henderson, his excessive-use-of-force claim may have merit. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998).

Accordingly, IFP is GRANTED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Given that the appellees have submitted a brief, the dismissal of Henderson's excessive-use-of-force claim is VACATED and remanded for a hearing in accordance with Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). See Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990). Because Officer Billingslea has not been served at this time, the district court may need to consider dismissal of Henderson's claim against him for failure to prosecute.

Henderson's failure-to-protect claim against Defendants Mitchell and Borden may have merit depending on the facts developed at the Spears hearing. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); Farmer v. Brennan, 511 U.S. 825, 837 (1994). The district court should also consider whether its earlier grant of summary judgment to Mitchell precludes Henderson's later-alleged allegations against that defendant. Accordingly, the dismissal of that claim is also VACATED and REMANDED for further proceedings in the district court.

Henderson argues that Defendants Smythe, Johnson, Stephens, and Peterson are liable to him for failing to investigate the alleged assault. These defendants are entitled to qualified immunity on this claim because Henderson has not demonstrated a "clearly established constitutional right" to have complaints investigated. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992); Siegert v. Gilley, 500 U.S. 226, 231 (1991). The district

court's dismissal of Henderson's failure-to-investigate claim is AFFIRMED.

Henderson does not argue on appeal, as he did in the district court, that Defendants Scott, Johnson, McAuliffe, Gilbert, Woods, Pulunsky, Stephens, Castro, and Eason are liable to him for failing to train Officer Billingslea properly. Accordingly, his claim against those defendants is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Henderson's motion for the appointment of counsel is DENIED. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Henderson's motion for a default judgment against Officer Billingslea is also DENIED, as it should be brought in the district court.

Henderson's motion to consolidate the instant motion with his appeal in a suit against the Allred Medical Department for inadequate medical care is DENIED.

The judgment of the district court is VACATED and REMANDED in part; AFFIRMED in part; and Henderson's motions are DENIED.